IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ROBERT GARCIA, ) | No. C 07-0438 MMC (PR) |
| Plaintiff, ) | **ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE NOTICE OF APPEARANCE OR ANSWER** |
| v. ) | |
| H. SOULE, et al., ) | |
| Defendants. ) | |
| _____ ) | |

On January 23, 2007, plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,

48 (1988).

Having reviewed the complaint, the Court finds plaintiff's claims, liberally construed, are cognizable, specifically, plaintiff's claims that defendants: (1) retaliated against him in violation of his First Amendment rights; (2) violated a state created liberty interest, protected by due process, by placing in his prison records false reports of his gang activity, which reports will then be used to retain him in the PBSP Secured Housing Unit ("SHU") beyond the "6-years of non-participation in gang-related activity" (see petition at 24) required for release from the SHU; (3) violated his right to due process by placing such false reports in his prison record; and (4) conspiring with each other to violate his constitutional rights.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Officer H. Soule Correctional Officer M. Jones, Institutional Gang Investigator Lieutenant D. Kays,** and **Institutional Gang Investigator Lieutenant D. Higgerson** at **Pelican Bay State Prison,.** The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. The court has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The Court finds the instant matter suitable for mediation proceedings following service of the summons and complaint on defendants. Accordingly, **defendants shall file either a notice of appearance or an answer** within **sixty days** of the date this order is filed, at which time the Court will refer the instant action for mediation under the Pro Se Prisoner Mediation Program.

3. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

2

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, although reasonable extensions will be granted. Moreover, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made such motion. Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: May 29, 2007

_____
MAXINE M. CHESNEY
United States District Judge