IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY ROBERT GARCIA, | ) | No. C 07-0438 MMC (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO SERVE DEFENDANTS; DENYING MOTION FOR CHANGE OF VENUE; DIRECTING CLERK TO REISSUE SUMMONS AND MARSHAL TO SERVE DEFENDANTS** |
| v. | ) ) ) | |
| H. SOULE, et al., | ) ) | |
| Defendants. | ) | |
| _____ | ) | **(Docket Nos. 7 & 12)** |

On January 23, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees. On May 29, 2007, the Court granted plaintiff's application to proceed in forma pauperis and found the complaint stated cognizable claims for relief against defendants Correctional Officer H. Soule, Correctional Officer M. Jones, Institutional Gang Investigator Lieutenant D. Kays and Institutional Gang Investigator Lieutenant D. Higgerson. The Court directed the United States Marshal to serve defendants at PBSP, where plaintiff indicated they were located. On June 12, 2007, the Marshal mailed the summons and complaint to defendants; on October 31, 2007, the Marshal returned the summons unexecuted as to each of said defendants, for the reason that no acknowledgment of service had been received from any defendant as of that date. Now before the Court is plaintiff's motion for an order directing the Marshal to make a renewed attempt to serve defendants.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal

1 to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must
2 serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
3 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely
4 on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate
5 such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate
6 defendant and attempt to remedy any apparent defects of which [he] has knowledge."
7 Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

8 Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a
9 showing of "good cause," is subject to dismissal without prejudice as to the unserved
10 defendants. See Fed. R. Civ. P. 4(m). Because it is not clear from the unexecuted summons
11 returned by the Marshal whether the information provided by plaintiff was sufficient to allow
12 the Marshal to locate and serve the defendants, however, the Court finds good cause exists to
13 direct the Marshal to make one further attempt to effectuate service; accordingly, plaintiff's
14 motion requesting such will be granted. If the Marshal's renewed attempt to serve
15 defendants is unsuccessful, plaintiff will be ordered to remedy the situation, either by
16 effecting service himself or by providing the Court with an accurate current location such
17 that the Marshal is able to effect such service; plaintiff's failure to do so will result in
18 dismissal of his claims against defendants. See Walker v. Sumner, 14 F.3d at 1421-22
19 (holding claim against prison official subject to dismissal under Rule 4(m) where prisoner
20 failed to show he provided Marshal with sufficient information to effectuate service).

21 Plaintiff also has filed a motion for a change of venue, on the ground that the
22 prosecution of this action is being delayed because defendants have not yet been served with
23 the complaint. The motion will be denied. As discussed above, the Marshal will make a
24 further attempt to effectuate service on defendants; moreover, the proper venue for this action
25 is the Northern District, in that this is the district in which all defendants reside and in which
26 the events giving rise to plaintiff's claims occurred. See 28 U.S.C. § 1391(a)
27 //
28 //

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for an order directing the Marshal to make a renewed attempt to effectuate service on the defendants is hereby GRANTED. (Docket No. 7.)

2. Plaintiff's motion for a change of venue is hereby DENIED. (Docket No. 12.)

3. The Clerk of the Court shall reissue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and **a copy of this order and of the Court's May 29, 2007 order of service** upon **Correctional Officer H. Soule, Correctional Officer M. Jones, Institutional Gang Investigator Lieutenant D. Kays and Institutional Gang Investigator Lieutenant D. Higgerson at Pelican Bay State Prison.** The Clerk shall also mail a courtesy copy of this order to the California Attorney General's Office.

4. As set forth in the Court's May 29, 2007 order of service, the Court has found the instant matter suitable for mediation proceedings before a neutral Magistrate Judge. Accordingly, following service of the summons and complaint, **defendants shall file either a notice of appearance or an answer within sixty days of the date this order is filed**, at which time the Court will refer the instant action for mediation under the Northern District's Pro Se Prisoner Mediation Program.

5. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, although reasonable extensions will be granted. Moreover, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made such motion. Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

This order terminates Docket Nos. 7 and 12.

IT IS SO ORDERED.

DATED: May 15, 2008

_____
MAXINE M. CHESNEY
United States District Judge