United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD EDWARD SMITH,                )        No. C 06-1637 MMC (PR)
                                    )
                Petitioner,         )
                                    )
    v.                              )        **ORDER TO SHOW CAUSE**
                                    )
ROBERT A. HOREL, Warden,            )
                                    )
                Respondent.         )
_____ )

On March 1, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 2, 2006, the Court reviewed the petition and dismissed it as unexhausted, for the reason that the petition stated that, at the time the petition was filed, petitioner had "a petition, appeal or other post-conviction proceeding" pending in the Alameda County Superior Court.  See Form Petition at 5; Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding when post-conviction challenge to criminal conviction is pending in state court potential federal habeas petitioner must await outcome of said challenge before state remedies are considered exhausted).

The Ninth Circuit reversed and remanded on the ground that the above-referenced statement was ambiguous.  In so finding, the Ninth Circuit noted that although petitioner stated there was a petition then pending in the Alameda County Superior Court, he also stated that each of his claims had been adjudicated by the California Supreme Court; further, the exhibits attached to the petition suggested that the petition pending in the Alameda County

1  Superior was in fact a civil commitment petition against petitioner, and that petitioner was

2  attempting to challenge the violation of his plea agreement as a result thereof.  Consequently,

3  the Ninth Circuit held, the instant petition should not have been dismissed summarily.

4  In light of the foregoing, the Court will review the claims in the petition and order

5  respondent to show cause why the writ should not be granted.

6  **BACKGROUND**

7  In 1997, in the Superior Court of Alameda County, petitioner pled guilty to two counts

8  of child concealment.  He was sentenced to a term of twelve years in state prison and ordered

9  to pay a $400.00 fine.  Petitioner did not appeal the conviction.  In 2005, when civil

10  commitment proceedings against petitioner were commenced, petitioner filed a state habeas

11  petition in the Superior Court, claiming the terms of his plea agreement had been violated as

12  a result of the civil commitment proceedings.  The petition was denied, as were subsequent

13  state habeas petitions filed by petitioner in the California Court of Appeal and the California

14  Supreme Court.

15  **DISCUSSION**

16  This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

17  in custody pursuant to the judgment of a State court only on the ground that he is in custody

18  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

19  Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

20  order directing the respondent to show cause why the writ should not be granted, unless it

21  appears from the application that the applicant or person detained is not entitled thereto."

22  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

23  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

24  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

25  431 U.S. 63, 75-76 (1977)).

26  Petitioner claims that the terms of his plea agreement included a promise by the

27  Alameda County District Attorney that the underlying facts and circumstances of the counts

28  to which petitioner pled guilty would not form the basis of any future filings by the District

2

Attorney against petitioner, and that the agreement was breached when the District Attorney commenced civil commitment proceedings against petitioner.  Petitioner asserts that the breach of the plea agreement has resulted in the violation of his rights to due process and equal protection.  Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner and petitioner's counsel, Albert Joel Kutchins, Attorney at Law, P.O. Box 5138 Berkeley, CA 94705.

2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

1     4.  Petitioner is reminded that all communications with the Court must be served on

2 respondent by mailing a true copy of the document to respondent's counsel.

3     5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

4 Court and respondent informed of any change of address and must comply with the Court's

5 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

6 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7     6.  Upon a showing of good cause, requests for a reasonable extension of time will be

8 granted as long as they are filed on or before the deadline they seek to extend.

9     IT IS SO ORDERED.

10 DATED: May 15, 2008

11 _____
MAXINE M. CHESNEY
United States District Judge

**United States District Court**

For the Northern District of California